UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene A. Gardner, III, #357996, | Civil Action No. 2:16-3547-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Officer Dial, *Darlington County Detention Center*, and Warden Coe, *Darlington County Detention Center*, | |
| Defendants. | |

Eugene A. Gardner, III ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Officer Dial and Warden Coe of the Darlington County Detention Center ("Defendants"), alleging violations of his constitutional rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Baker recommends that the Court grant Defendant Warden Coe's motion for summary judgment. (ECF No. 23.) The Report (ECF No. 65) sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify,

1

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

Plaintiff filed an objection (ECF No. 36) to the Report, which the Court has carefully reviewed. The filing fails to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations that Defendant Warden Coe is entitled to summary judgment on Plaintiff's claims. Rather, Plaintiff's objections merely rehash points raised in his response in opposition to the motion for summary judgment. Nevertheless, out of an abundance of caution, the Court has conducted a *de novo* review of the Report and the record. The Court finds Plaintiff's objections to be without merit and hereby overrules them. The Report fairly and accurately summarizes the facts and applies the correct principles of law as they pertain to Defendant Warden Coe. The Court agrees with the analysis of the Magistrate Judge and hereby grants Defendant Warden Coe's motion for summary judgment. Defendant Officer Dial's motion to dismiss is still pending before the Court, and Magistrate Judge Baker will address that motion by way of a separate Report and Recommendation.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report. Accordingly, Defendant Coe's motion for summary judgment (ECF No. 23) is GRANTED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 15, 2017
Greenville, South Carolina