UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene A. Gardner, III, #357996, | Civil Action No. 2:16-3547-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Officer Dial, *Darlington County Detention Center*, and Warden Coe, *Darlington County Detention Center*, | |
| Defendants. | |

Eugene A. Gardner, III ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Officer Dial ("Dial") and Warden Coe ("Coe") of the Darlington County Detention Center ("Defendants"), alleging violations of his constitutional rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling and a Report and Recommendation ("Report"). After an initial Report (ECF No. 34), the Court previously granted Defendant Coe's motion for summary judgment (*see* ECF No. 37) and denied Plaintiff's motion to reconsider (*see* ECF No. 52). On October 20, 2017, Magistrate Judge Baker issued a second Report (ECF No. 49) recommending that the Court grant Defendant Dial's motion to dismiss (ECF No. 28) and dismiss him from this action without prejudice. Plaintiff filed three sets of objections (ECF Nos. 51, 54, and 55) to the Report, and the matter is now ripe for consideration. The Report sets forth in detail the relevant facts and standards of law on this matter (*see* ECF No. 49 at 2-6) and the

1

Court incorporates them without recitation.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In her Report, Magistrate Judge Baker carefully explains why dismissal of Defendant Dial is appropriate under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Put simply, Plaintiff has failed to properly serve Defendant Dial, and despite the United States Marshals Service's ("Marshals Service") reasonable efforts to locate Dial, he cannot be located at this time. Plaintiff's civil rights claims arise from interactions between Dial and Plaintiff that occurred while Dial was a corrections officer

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge. Comprehensive recitation of law and fact exists there.

at Darlington County Detention Center ("DCDC"). "Officer Dial" has been identified as Kevin Dial. However, Dial is no longer employed by DCDC. An attorney was engaged by the South Carolina Insurance Reserve Fund to represent Dial, but that attorney has never had contact with Dial. Dial has never responded to the attorney's written correspondence mailed to Dial's last known address provided by DCDC. The attorney has no knowledge of Dial's whereabouts and is not in a position to contact him to request authorization to accept service of process. (*See* ECF No. 46.)

Because Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*, he is relying on the Marshals Service and this Court to effect service of process. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010). Dismissal of an action against a defendant under Rule 12(b)(5) for insufficient service is within the Court's discretion, and is ordinarily proper where service is unlikely to be accomplished. *See Reinhold v. Tisdale*, No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007), *adopted at* 2007 WL 2173368 (D.S.C. July 26, 2007) (citing *Dimensional Communications, Inc. v. OZ Optics, Ltd.*, 218 F. Supp. 2d 653, 655 (D.N.J. 2002); *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 (S.D. Ga. 1994)). The pertinent inquiry is whether the Marshals Service can locate the defendant with "reasonable effort." *See Greene v. Holloway*, 210 F.3d 361 (4th Cir. 2000) (unpublished table decision) (remanding for evaluation by the district court whether the Marshals Service could have served the defendant with reasonable effort).

The Magistrate Judge recommends concluding that the Marshals Service has expended reasonable investigative efforts to locate Defendant Dial in this case. The Marshals attempted to serve Dial at DCDC, but he no longer works there. They have

attempted service at Dial's last known address multiple times to no avail. Moreover, the apartment manager advised the Marshal that there was no "Kevin Dial" registered at her complex. Furthermore, a neighbor advised the Marshal that an elderly lady lives at the address in question and there has never been a man living there. (*See* ECF No. 49 at 4.) The Marshals Service also utilized the electronic database it routinely relies upon to locate individuals and serve process in such cases, with no better results.

The Magistrate Judge ordered Defendant Dial's counsel to advise whether he has had any contact or communications with Dial, and whether he is authorized to accept service of process on Dial's behalf. (ECF No. 43.) Dial's counsel responded with the information indicated above, that he has never had contact with Dial and knows nothing of Dial's whereabouts. (*See* ECF No. 46.) The undersigned even personally ensured that the Marshals reengaged the electronic tools to which they have access, and re-approached DCDC staff for further information, if any, regarding Dial's location. Despite these efforts, the Marshals Service has been unable to locate Dial, and the Court now finds that "reasonable effort" has been expended. More than ninety (90) days have expired since Plaintiff's complaint, and dismissal without prejudice is required under Federal Rule of Civil Procedure 4(m).

Plaintiff filed three sets of objections (ECF No. 51, 54, and 55) to the Report, which the Court has carefully reviewed. These filings fail to state a specific objection to the Magistrate Judge's sound reasoning or direct the Court to any specific error in the proposed findings and recommendation that dismissal is warranted under Rules 4(m) and 12(b)(4)-(5). Rather, Plaintiff's objections detail a litany of alleged misconduct by Dial, leadership failures by Defendant Coe and other Darlington County officials, and

alleged misconduct by DCDC staff who are not party to this proceeding. (*See id.*) If true, the allegations of inmate mistreatment within the DCDC are troubling. The Court is sensitive to Plaintiff's position, given his reliance on the Marshals Service and the Court to effect service on Dial. However, the Court concludes that reasonable efforts have been expended and Dial cannot be located at this time. It is the fault neither of the Court, nor of the Marshal Service that Dial *may* have given a false address to his employer, that no forwarding address was provided, and that the electronic resources to which the Marshals Service has access do not reveal further helpful information in locating Dial. Plaintiff is reminded that this procedural dismissal is *without prejudice* and does not adjudicate the merits of his § 1983 claim.

The Court has conducted a *de novo* review of the Report and the record. The Court finds Plaintiff's objections insufficient to discard the sound analysis of the Magistrate Judge and hereby overrules the objections. The Report fairly and accurately summarizes the facts and applies the correct principles of law as they pertain to failed service of process on Defendant Dial. The Court agrees with the Magistrate Judge and hereby grants Defendant Dial's motion to dismiss.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report. Accordingly, Defendant Dial's motion to dismiss (ECF No. 23) is GRANTED. This dismissal is *without prejudice*.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 2, 2018
Greenville, South Carolina